IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LLOYD WESTBROOK, No. R44929,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-00751-GPM |
| ) | |
| **VIENNA CORRECTIONAL CENTER,** ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Lloyd Westbrook, an inmate in Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a

complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A and summarily dismiss this action.

Plaintiff Westbrook takes issue with the conditions of his confinement at Vienna Correctional Center ("Vienna"), where he has been housed since April1, 2013. According to the complaint: Westbrook is being exposed to asbestos-covered pipes and mold; on the second floor, there are only two toilets for 100 inmates; on the third floor there are only three working toilets for 104 inmates—and the working toilets overflow; there is feces on the floor; water drips from the ceiling, and there is black mold; there is no ventilation in the bathrooms; there are spiders and bugs in Plaintiff's cell that bite him; and rats and mice destroy his property. All of these issues, alone and in combination, are actionable Eighth Amendment claims. *See Vance v. Rumsfeld*, 701 F.3d 193, 205-06 (7th Cir. 2012), *citing Wilson v. Seiter,* 501 U.S. 294, 304 (1991) (holding that conditions of confinement may establish an Eighth Amendment violation in combination, even if each would not suffice alone; this would occur when they have "a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise")).

With that said, upon careful review of the complaint, the Court finds the complaint suffers from a number of fatal flaws, and the action must be summarily dismissed. First,

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1). However, the FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. Therefore, all FTCA claims must be dismissed with prejudice.

Second, Vienna Correctional Center, the only named defendant must also be dismissed. The Vienna Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a Section 1983 suit. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).

While the warden of the facility would be the proper defendant to answer claims regarding the conditions of confinement, *see Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001), and this defect can be easily cured, there is one more impediment to this action proceeding. Under the Prison Litigation Reform Act, exhaustion of available administrative remedies is a precondition to suit. 42 U.S.C. § 1997e(a); *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004). Although Plaintiff is not required to plead exhaustion in order to proceed with his claim in federal court, Plaintiff's unambiguous admission in the complaint that he did not even attempt to utilize administrative grievance procedures before filing this action, because "[t]hey are not the Court," is determinative. *See, e.g., Kalinowski v. Bond*, 358 F.3d 978, 978 (7th Cir. 2004); *Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004) ("It is of course true that if a complaint pleads facts that show that the plaintiff does not have a claim, the complaint should be dismissed without further ado.") Plaintiff's complaint makes it abundantly clear that he failed to comply with the requirements of Section 1997e(a), and there is no indication administrative remedies were unavailable; rather, Plaintiff simply prefers the courts. Therefore, this action was

prematurely filed and must be dismissed, albeit without prejudice. If and when the exhaustion requirement is satisfied, Plaintiff can file a new action.

### The Filing Fee

Plaintiff has already been granted pauper status by separate order. Plaintiff's obligation to pay the filing fee for this action was incurred at the time the complaint was filed, thus the filing fee of $350.00 remains due and payable, even though this action is being dismissed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

### DISPOSITION

**IT IS HEREBY ORDERED** that, for the reasons stated, all Federal Tort Claim Act claims are **DISMISSED** with prejudice; Defendant **VIENNA CORRECTIONAL CENTER** is **DISMISSED** with prejudice; and this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1997e(a). This dismissal shall not count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g). Judgment shall enter accordingly and the Clerk of Court shall close this case.

**IT IS SO ORDERED.**

DATED: August 23, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge